KARA B. HENDRICKS, ESQ.
Nevada Bar No. 7743
BETHANY L. RABE, ESQ.
Nevada Bar No. 11691
**GREENBERG TRAURIG, LLP**
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Telephone:  (702) 792-3773
Fax:         (702) 792-9002
Email: hendricksk@gtlaw.com
         rabeb@gtlaw.com

*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| HAKKASAN Limited, a United Kingdom limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>KILO CLUB, LLC, a Nevada limited liability company,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>(1) Trademark Infringement under 15 U.S.C. § 1114<br>(2) Trademark Dilution under 15 U.S.C. § 1125(c)<br>(3) Unfair Competition under 15 U.S.C. § 1125(a)<br>(4) Common Law Trademark Infringement<br>(5) Deceptive Trade Practices under N.R.S. 598.0903, et seq. |

For its complaint against Defendant Kilo Club, LLC ("Defendant" or "Kilo Club"), Plaintiff Hakkasan Limited ("Plaintiff" or "Hakkasan") complains and alleges as follows:

## NATURE OF ACTION

This is an action for trademark infringement, trademark dilution, unfair competition, common law trademark infringement, and Nevada deceptive trade practices. Hakkasan seeks damages, attorneys' fees, costs, and permanent injunctive relief.

## JURISDICTION

1. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§1331 and 1338(a). This Court has supplemental jurisdiction over Hakkasan's state law claims pursuant to 28 U.S.C. § 1367(a).

1

2. This Court has personal jurisdiction over Defendant because Defendant is a Nevada limited liability company doing business in Las Vegas, Nevada.

3. Venue is proper in the United States District Court for the District of Nevada under 28 U.S.C. § 1391(b) and (c). Venue lies in the unofficial Southern Division of this Court.

**PARTIES**

4. Hakkasan is a United Kingdom limited liability company with offices in London, England and Las Vegas, NV.

5. Upon information and belief, Defendant Kilo Club is a Nevada limited liability company with a principal place of business at 410 S Rampart Blvd, Suite 200, Las Vegas, NV.

**ALLEGATIONS COMMON TO ALL COUNTS**

**The Hakkasan Nightclubs and Restaurants**

6. Hakkasan owns and operates the internationally acclaimed HAKKASAN restaurants and nightclubs with United States locations in Las Vegas, Nevada, and Miami, Florida. For eight years, Hakkasan operated a HAKKASAN restaurant in New York, New York, which closed in 2020 primarily due to the impact of the COVID-19 pandemic.

7. Hakkasan has obtained federal trademark registrations (Reg. Nos. 4,398,526; 5,448,733; 5,317,345; 5,459,262; 5,296,652) for the following trademark in connection with various goods and services, including night clubs, restaurants, and related goods and services (the "Hakkasan Services").



*See* Printouts from the United States Patent and Trademark Office attached hereto as **Exhibit 1**.

8. The registrations are in good standing and have not been abandoned, canceled or revoked.

*ACTIVE 681912521v4*

9. Since the first Hakkasan restaurant and nightclub opened in Las Vegas in 2013, Hakkasan has continuously ⋇ used the mark in connection with advertising and promoting its venues in the United States and around the world. The mark is recognized and respected in the hospitality industry. In fact, the Hakkasan nightclub has become famous in the club scene for its world-renowned DJs, celebrity guests and high-end, exclusive feel. For consumers, the ⋇ mark immediately calls Hakkasan to mind.

10. Hakkasan is popular among young adults ages 21+, particularly those who enjoy a lavish, cutting-edge, and sophisticated environment.

11. Hakkasan has spent millions of dollars to advertise and promote the ⋇ mark in print, broadcast media, social media, and on the Internet, including without limitation through the Hakkasan website, accessible throughout the United States and around the world at hakkasan.com and https://taogroup.com/venues/hakkasan-nightclub-las-vegas/.

12. Based on its registration and extensive use, Hakkasan owns the exclusive right to use the ⋇ mark in connection with the Hakkasan Services.

13. Further, the ⋇ mark has acquired a special significance and meaning to the public as identifying Hakkasan as the source of origin for the Hakkasan Services.

14. Examples of the ⋇ mark in use are as follows:

  

*Use on outdoor signage*         *Use in nightclub*         *Use in advertising*

15. The uniqueness of the Hakkasan Services offered to the public under the ⋇ mark, together with the extensive advertising and promotion of the Hakkasan nightclubs and restaurants have resulted in the ⋇ mark being distinctive and famous for such services.

ACTIVE 681912521v4

16. Further, the ⽊ mark has acquired a special significance and meaning to the public as identifying Hakkasan as the source of origin for the Hakkasan Services.

**The Defendant's Nightclub-Like Fitness Centers**

17. Defendant owns and operates a fitness club in Tivoli Village in Las Vegas under the name KILO CLUB.

18. On information and belief, the Kilo Club is a high-end, adults-only (21+) fitness center.

19. The Kilo Club is limited to 1000 members and prides itself on its exclusivity, the fact that children are not permitted, and its luxury amenities.

20. As one news article describes, the Kilo Club is where "the swagger of a nightclub meets the motivation of a well-equipped fitness center."[1]

21. On information and belief, the Kilo Club opened in September of 2019.

22. On information and belief, from its opening in 2019 to early 2022, the Kilo Club logo was a shield (which is not alleged to infringe any Hakkasan trademark), as shown here in snips from promotional videos:




/ / /

/ / /

---

[1] https://citylifestyle.com/las-vegas-nv/articles/fitness/new-era-gym.

ACTIVE 681912521v4

23. In 2022, however, the Kilo Club adopted a new logo (the "Infringing Mark"). The new logo appears on signage outside the business, as well as on various equipment and signage inside the business. Examples of some uses of the Kilo Club logo are set forth below:


*Use on the Kilo Club website*


*Use on Kilo Club dumbbells*


*Use on outdoor signage*


*Use on gym equipment*

24. The new Kilo Club logo is confusingly similar to Hakkasan's ⋇ mark.

25. Kilo Club promotes, advertises and markets its services on its website, www.kilo.vegas, its Instagram page, @kilo.vegas, and elsewhere.

26. Kilo Club does not use the term "fitness" or "workout" or anything that would immediately indicate an association with fitness; instead, it simply uses the ambiguous term "club."

27. Kilo Club has recently announced plans to open fitness clubs in Miami and New York, both locations that either currently have or have had a Hakkasan nightclub or restaurant.

ACTIVE 681912521v4

28. Kilo Club is not affiliated with Hakkasan or authorized by Hakkasan to use the ⅣK mark in any manner.

**This Dispute**

29. On or about May 24, 2022, shortly after learning of the Kilo Club's use of the Infringing Mark, Hakkasan sent a cease-and-desist letter to the principal of the Kilo Club, Jea Jung. The letter explained that the logo was misleading the public as to the affiliation of the Kilo Club with Hakkasan and requested that Kilo Club immediately cease and desist from using the Infringing Mark.

30. Mr. Jung communicated with Hakkasan's counsel over the course of several months and indicated he would begin steps to stop using the Infringing Mark, but ultimately the Kilo Club did not make any changes to its signage or logo.

31. By copying Hakkasan's stylized logo and utilizing the Infringing Mark to promote, advertise, and market the Defendant's fitness club, Defendant was and is attempting to trade on the goodwill of the ⅣK mark and Hakkasan's reputation for high-end, exclusive services among young adults 21+.

32. By copying Hakkasan's stylized logo and utilizing the Infringing Mark to promote, advertise, and market the Defendant's fitness club, as well as by creating a nightclub-like environment in its fitness club, Defendant was and is attempting to create an association and/or affiliation between its fitness club and Hakkasan's famous nightclubs, when in fact there is none.

33. Hakkasan's ⅣK mark was in use and distinctive at the time Defendant adopted its mark in connection with its fitness club.

34. Upon information and belief, Defendant adopted and used the Infringing Mark with the bad faith intent to trade upon, benefit from and profit upon Hakkasan's goodwill.

35. Upon information and belief, Defendant intended to obtain a commercial benefit by offering goods and services under the Infringing Mark and in a manner that could harm the goodwill represented by the ⅣK mark.

36. Upon information and belief, Defendant did not believe or have reasonable grounds to believe that the use of its Infringing Mark was a fair use or otherwise lawful in relation to Defendant's goods and services.

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

ACTIVE 681912521v4

**FIRST CLAIM FOR RELIEF**

(Trademark Infringement Under the Lanham Act, 15 U.S.C. § 1114)

37. Hakkasan incorporates allegations in the preceding paragraphs as if fully set forth herein.

38. Defendant has used and is using in commerce the Infringing Mark, which is confusingly similar to Hakkasan's ⽊ mark.

39. Defendant's use in commerce of an identical and/or confusingly similar mark to Hakkasan's ⽊ mark for Defendant's goods and services, is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's goods and services, and is likely to cause consumers to believe, contrary to fact, that Defendant's goods and services are sold, authorized, endorsed, or sponsored by Hakkasan, or that Defendant is in some way affiliated with Hakkasan.

40. By using a mark confusingly similar to the ⽊ mark with the knowledge that Hakkasan owns and has used, and continues to use, its trademark in Las Vegas, across the United States, and around the world, Defendant intended to cause confusion, cause mistake, or deceive consumers.

41. On information and belief, Defendant's use of a mark that is confusingly similar to the ⽊ mark has created a likelihood of confusion among consumers and patrons who may falsely believe that Defendant's business or social media sites are associated with Hakkasan's entertainment and hospitality services and related goods or that Hakkasan sponsors or approves of Defendant's goods and services or commercial activities.

42. Defendant's unauthorized use of the Infringing Mark in interstate commerce as described above constitutes trademark infringement under 15 U.S.C. § 1114(1).

43. As a direct and proximate result of Defendant's infringement, Hakkasan has suffered, and will continue to suffer, damage and irreparable injury to its business, reputation, and goodwill.

44. Defendant's acts of infringement will cause further irreparable injury to Hakkasan if Defendant is not restrained by this Court from further violation of Hakkasan's rights. Hakkasan has no adequate remedy at law.

/ / /

*ACTIVE 681912521v4*

**SECOND CLAIM FOR RELIEF**

(Trademark Dilution Under 15 U.S.C. § 1125(c))

45. Hakkasan incorporates the allegations in the preceding paragraphs as if fully set forth herein.

46. Through Hakkasan's continuous and extensive use, Hakkasan's ⅍ mark has become famous and distinctive for Hakkasan's services.

47. Defendant began using the Infringing Mark in connection with its fitness club after Hakkasan's ⅍ mark became famous.

48. Defendant's use of Hakkasan's world-famous ⅍ mark has and will cause dilution of the distinctive quality of Hakkasan's trademark by lessening the perceived quality and exclusiveness of the mark and will otherwise cause irreparable injury to Hakkasan's business, reputation and goodwill.

49. As a direct and proximate result of Defendant's dilution of Hakkasan's trademark, Hakkasan has suffered, and will continue to suffer, damage and irreparable injury to its business, reputation, and goodwill.

50. Defendant's acts of dilution will cause further irreparable injury to Hakkasan if Defendant is not restrained by this Court from further violation of Hakkasan's rights. Hakkasan has no adequate remedy at law.

**THIRD CLAIM FOR RELIEF**

(Unfair Competition under the Lanham Act, 15 U.S.C. § 1125(a))

51. Hakkasan incorporates the allegations in the preceding paragraphs as if fully set forth herein.

52. Defendant's use in commerce of a mark confusingly similar to Hakkasan's ⅍ mark in connection with Defendant's fitness club and related advertising on its website and social media constitutes a false designation of origin and/or a false or misleading description or representation of fact, which is likely to cause confusion, cause mistake, or deceive as to affiliation, connection, or association with Hakkasan, or as to the origin, sponsorship, or approval of Defendant's goods and services or commercial activities.

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

ACTIVE 681912521v4

53. Defendant's use in commerce of a mark confusingly similar to Hakkasan's trademarks with the knowledge that Hakkasan owns and has used, and continues to use, its ⃞⃞ mark constitutes intentional conduct by Defendant to make false designations of origin and false descriptions about Defendant's good and services and commercial activities.

54. As a direct and proximate result of such unfair competition, Hakkasan has suffered, and will continue to suffer, damage and irreparable injury to its business, reputation, and goodwill.

**FOURTH CLAIM FOR RELIEF**

(Common Law Trademark Infringement)

55. Hakkasan incorporates the allegations in the preceding paragraphs as if fully set forth herein.

56. By virtue of having used and continuing to use its ⃞⃞ mark, Hakkasan has acquired common law rights in that mark.

57. Defendant's use of a mark that is confusingly similar to Hakkasan's trademark infringes Hakkasan's common law rights in its trademark, and this use is likely to cause confusion, mistake, or deception among consumers, who will believe that Defendant's good and services and social media sites originate from, are affiliated with, or are endorsed by Hakkasan when, in fact, they are not.

58. As a direct and proximate result of Defendant's infringement of Hakkasan's common law trademark rights under Nevada and other common law, Hakkasan has suffered, and will continue to suffer, damage and irreparable injury to its business, reputation, and goodwill.

**FIFTH CLAIM FOR RELIEF**

(Deceptive Trade Practices Under N.R.S. § 598.0915)

59. Hakkasan incorporates the allegations in the preceding paragraphs as if fully set forth herein.

60. Based upon the almost identical nature of the Infringing Mark, in the course of conducting its business, Defendant knowingly made and is making false representations as to affiliation, connection and/or association with Hakkasan by using a mark confusingly similar to Hakkasan's trademark.

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

ACTIVE 681912521v4

61. Based upon the almost identical nature of the Infringing Mark, in the course of conducting its business, Defendant knowingly made and is making false representations as to the source of its goods and services, the sponsorship or approval of its goods and services by Hakkasan by using a mark confusingly similar to Hakkasan's trademark.

62. As the direct and proximate result of Defendant' conduct, Hakkasan has suffered, and will continue to suffer, damage and irreparable injury to its business, reputation, and goodwill.

## PRAYER FOR RELIEF

**WHEREFORE**, Hakkasan respectfully prays that the Court grant the following relief:

A. A permanent injunction prohibiting Defendant, its respective officers, agents, servants, employees and/or all persons acting in concert or participation with them, or any of them, from using Hakkasan's trademark or any confusingly similar variations thereof, alone or in combination with any other letters, words, letter strings, phrases or designs, in commerce or in connection with any business or for any other purpose (including, but not limited to, on websites, including social media websites, on signage, and on weights/gym equipment);

B. An award of Defendant's profits realized by Defendant from its trademark infringement under 15 U.S.C. §1117(a);

C. An award of compensatory, consequential, statutory, and punitive damages to Hakkasan in an amount to be determined at trial;

D. An award of interest, costs and attorneys' fees incurred by Hakkasan in prosecuting this action; and

E. All other relief to which Hakkasan is entitled.

DATED this 6th day of October, 2022.

**GREENBERG TRAURIG LLP**

   */s/ Bethany L. Rabe*
KARA B. HENDRICKS, ESQ. (NV Bar No. 7743)
BETHANY L. RABE, ESQ. (NV Bar No. 11691)
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
*Counsel for Plaintiff*

*ACTIVE 681912521v4*

## **INDEX OF EXHIBITS**

1. Exhibit 1 -- Printouts from the United States Patent and Trademark Office

*ACTIVE 681912521v4*