UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HAKKASAN Limited,<br><br>       Plaintiff<br><br>v.<br><br>KILO CLUB, LLC,<br><br>       Defendant | Case No.: 2:22-cv-01695-APG-EJY<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE DEFAULT**<br><br>[ECF No. 16] |

Defendant Kilo Club, LLC moves to set aside the default that was entered against it. ECF No. 16.  Kilo appears to be able to present a meritorious defense and Hakkasan will not be prejudiced by having to litigate its claims on the merits.  I therefore set aside the default.  But I condition this on Kilo reimbursing Hakkasan for the reasonable fees and costs it incurred in connection with the default and this motion.

**Analysis**

I "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c).  "The 'good cause' standard that governs vacating an entry of default under Rule 55(c) is the same standard that governs vacating a default judgment under Rule 60(b)." *Franchise Holding II, LLC. v. Huntington Rests. Grp., Inc*., 375 F.3d 922, 925 (9th Cir. 2004) (citation omitted).  The analysis considers three factors: (1) whether Kilo engaged in culpable conduct that led to the default; (2) whether Kilo has a meritorious defense; or (3) whether reopening the default judgment would prejudice Hakkasan. *Id*. at 925-926.  Because these factors are disjunctive, my decision can be based on any one of them. *Id.* at 926.

/ / / /

Culpable Conduct

A "defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001) (simplified), *overruled on other grounds by Egelhoff v. Egelhoff ex rel Breiner*, 532 U.S. 141 (2001). "Intentionally," in this context, means the defendant acted in bad faith "to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process." *Id.* A defendant's conduct is culpable "where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Id.* at 698.

Kilo claims that its managing member did not file a response to the complaint because he was confused by the negotiations prior to the lawsuit being filed, the documents he received from Hakkasan's counsel (including a litigation hold letter), and the complaint. ECF No. 16 at 6. This explanation is difficult to accept given that Hakkasan's counsel included a cover letter with the complaint that specifically stated that Hakkasan had filed this suit. ECF No. 17-4 at 2. Kilo stopped communicating with Hakkasan's counsel shortly before the lawsuit was filed and appears to have attempted to evade service. But it does not appear that the failure to respond to the complaint was devious or done to take advantage of Hakkasan or to manipulate the legal process. *TCI Grp.*, 244 F.3d at 697.

Meritorious Defenses

To satisfy the "not extraordinarily heavy" burden of presenting a meritorious defense, a defendant seeking to vacate a default must allege sufficient facts that, if true, would constitute a meritorious defense. *Id.* at 700. I need not determine whether those factual allegations are true at

this stage. *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1094 (9th Cir. 2010).

Kilo incorrectly states that its proposed answer to the complaint "includes the defense of Defendant's mark not being confusingly similar to Plaintiff's registered marks due to the differences in the designs of the logos themselves as well as the goods/services offered thereunder by the respective parties." ECF No. 16 at 4.  That language does not appear in Kilo's proposed answer. ECF No. 16-1.  But if it is true it would constitute a meritorious defense to Hakkasan's complaint.

### Prejudice to Hakkasan

The standard with regard to prejudice is "whether [Hakkasan's] ability to pursue [its] claim will be hindered." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).  To be considered prejudicial, vacating the default must do more than simply delay resolution of the case. *TCI Grp.*, 244 F.3d at 701.  "[A] case should, whenever possible, be decided on the merits." *Id.* at 696.  Where there has been no merits decision, the "finality interest should give way fairly readily, to further the competing interest in reaching the merits of a dispute." *Id.*

This case is in its infancy and discovery has not commenced.  So the parties may still conduct discovery on all claims and defenses.  Hakkasan's opposition primarily argues the merits of its claims, which ultimately could be remedied by a judgment on the merits.  I see no prejudice or hindrance to Hakkasan in pursuing its claims if the default is vacated.

I will vacate the default.  But I have wide discretion to condition the setting aside of a default upon the payment of reasonable attorney's fees and costs. *See Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. La. Hydrolec*, 854 F.2d 1538, 1546 (9th Cir. 1988).  Thus, I am conditioning the vacatur of the default upon payment by Kilo of Hakkasan's reasonable

attorney's fees and costs it incurred in obtaining the default and opposing the motion to set aside the default. This does not include fees and costs incurred for service of the complaint and summons, which would otherwise have been necessary in the normal case.

The parties must confer about the amount of those fees and costs by May 12, 2023. If they agree on the amount, they will file a stipulation. If no agreement is reached, Hakkasan may file a motion—with supporting affidavits and appropriate documentation—requesting reasonable fees and costs. That motion will be filed by May 26, 2023. Kilo will have 14 days after the motion is filed to file any opposition, and Hakkasan will have seven days to file a reply. Once the amount has been determined, Kilo must pay it within 14 days or the default will be reinstated.

**Conclusion**

I THEREFORE ORDER that Kilo's motion to set aside the default **(ECF No. 16) is GRANTED.** The clerk's entry of default **(ECF No. 15) is VACATED.**

I FURTHER ORDER that Kilo shall file a response to Hakkasan's complaint no later than April 28, 2023.

I FURTHER ORDER that this relief is conditioned upon Kilo reimbursing Hakkasan a reasonable amount for its attorneys' fees and costs incurred in obtaining the default and opposing the motion to set aside the default. The parties must confer about the amount of those fees and costs by May 12, 2023. If they agree on the amount, they will file a stipulation. If no agreement is reached, Hakkasan may file a motion—with supporting affidavits and appropriate documentation—requesting reasonable attorney's fees and costs. That motion will be filed by May 26, 2023. Kilo will have 14 days after the motion is filed to file any opposition, and

Hakkasan will have seven days to file a reply. Once the amount has been determined, Kilo must pay it within 14 days or the default will be reinstated.

DATED this 13th day of April, 2023.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE