UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HAKKASAN LIMITED, a United Kingdom limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>KILO CLUB, LLC, a Nevada limited liability company,<br><br>Defendant. | Case No. 2:22-cv-01695-APG-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion for Attorneys' Fees (the "Motion"). ECF No. 26. The Court reviewed the Motion, the Opposition (ECF No. 30), and Reply (ECF No. 31). The issues in dispute include whether: (1) the number of hours Plaintiff billed for preparing the motion for default and opposing Defendant's motion to set aside default are excessive; and (2) Plaintiff may recover attorney fees from Defendant that Plaintiff incurred when preparing a motion for default judgment,.

**I.    Background**

On April 13, 2023, the Court entered an order granting Defendant's motion to set aside default and vacating the clerk's entry of default.[1] ECF No. 19 at 4. This relief was conditioned on Defendant "reimbursing … [Plaintiff] a reasonable amount for its attorneys' fees and costs incurred in obtaining the default and opposing the motion to set aside the default." *Id*. On June 16, 2023 Plaintiff filed its instant Motion seeking $15,710.95 in fees. ECF No. 26 at 7. Plaintiff says the fees and costs were "incurred in connection with the default and opposing the motion to set aside default." *Id*. at 2. However, Defendant points out that $8,893.54 was billed by Plaintiff for preparation of a never-filed motion for default judgment, and such time is not part of the fees awarded to Plaintiff by

---

[1] The April 13, 2023 Order is referred to herein as the "April Order."

the Court.[2]  ECF No. 30 at 3.  Defendant also submits the hours spent on obtaining a clerk's default and opposing the motion to set aside default are excessive.  *Id*. at 2-4.

Plaintiff responds that Defendant is splitting hairs when arguing attorney fees incurred for preparing a default judgment are unrecoverable.  ECF No. 31 at 4.  Plaintiff says after serving the Summons and Complaint, default was entered on February 8, 2023 after which "Plaintiff took the unremarkable step of proceeding to draft a motion for default judgment."  *Id*.  Plaintiff also says Defendant waited to retain counsel until after default was entered and "having made that choice Defendant cannot be heard to complain that … [Plaintiff] was taking reasonable steps to prosecute its case in the meantime."  *Id*.

**II.    Discussion**

The Court finds the April Order is clear.  The Court plainly stated Plaintiff is entitled to recover fees arising from "obtaining the default and opposing the motion to set aside the default," nothing more.  ECF No. 19 at 4.  No motion for default judgment was filed at the time the April Order was entered; however, Plaintiff's opposition to Defendant's motion to set aside default advised that Plaintiff was in the midst of preparing a motion for default judgment and argued the Court should award Plaintiff fees relating to this preparation.  ECF No. 17 at 6.  Despite this request, the Court did not grant fees associated with Plaintiff's preparation of a motion for default judgment.  ECF No. 19 at 4.  Instead, the Court limited the fee award to time spent preparing and filing the clerk's default and opposing Defendant's motion to set aside default.  *Id*.  Based on the plain language of the April Order, the Court finds Plaintiff's request for reimbursement of fees incurred in preparing its motion for default judgment is denied.

The Court next considers Defendant's second and only other basis for opposing Plaintiff's Motion; that is, the alleged excessive number of hours billed for obtaining default (2.8 hours) and opposing the motion to set aside (12.2 hours).  Defendant contends it should have taken Plaintiff no more than one hour to complete and file the default entered by the Clerk of Court.  Defendant further contends its counsel spent a total of 6.75 hours preparing the motion to set aside default and reply in

---

[2]    *See* Fed. R. Civ. P. 55(a), (b) describing the two step process of "Entering a Default" and "Entering a Default Judgment."

2

support of the same, which demonstrates Plaintiff's 12.2 hours opposing Defendant's motion are excessive.

The Court "has a great deal of discretion in determining the reasonableness of the fee and, as a general rule, [an appellate court] will defer to its determination ... regarding the reasonableness of the hours claimed by the [movant]." *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 453 (9th Cir. 2010) (quoting *Gates v. Deukmejian,* 987 F.2d 1392, 1398 (9th Cir. 1992)). District courts also "possess the necessary discretion to adjust" hours spent when the Court finds the time spent was unnecessary and "expended in a manner not justified by the case." *Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006). This includes "time spent reviewing the work of other attorneys as duplicative", *Melancon v. Harrah's Entertainment, Inc.*, Case No. 2:08-cv-00212-RCJ-RJJ, 2010 WL 11639687, at *4 (D. Nev. Feb. 26, 2010), and time entries failing "to delineate what work was performed in each entry." *American General Life Ins. Co. v. Futrell*, Case No. 2:11-cv-00977-PMP-CWH, 2012 WL 4962997, at*4 (D. Nev. Oct. 16, 2012). When reviewing hours claimed by the party to whom fees have been awarded, the Court may exclude hours arising from overstaffing, duplication, excessiveness or that are otherwise unnecessary. *See, e.g., Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Cruz v. Alhambra School Dist.*, 601 F.Supp.2d 1183, 1191 (C.D. Cal. 2009). Nonetheless, the Ninth Circuit recognizes that "the participation of more than one attorney does not necessarily constitute an unnecessary duplication of effort." *McGrath v. Cty. of Nev.*, 67 F.3d 248, 255 (9th Cir. 1995) (citing *Kim v. Fujikawa*, 871 F.2d 1427, 1435 n.9 (9th Cir. 1989)). Finally, it is Plaintiff's burden to establish the fees it seeks are reasonable. *Soule v. P.F. Chang's China Bistro, Inc.*, Case No. 2:18-cv-02239-GMN-GWF, 2019 WL 3416667, at *1 (D. Nev. Jul. 26, 2019) (internal citation omitted).

The Court reviewed the billing records and finds the 2.8 hours spent preparing and finalizing the default was not excessive. While more than one person was involved in this effort, the total time, as supported by the specific entries, was reasonable.

The Court also analyzed the time entries associated with reviewing and preparing the opposition to Defendant's motion to set aside default. Of the 12.2 hours billed, the Court calculated 6.1 were spent by Bethany Rabe who prepared and finalized the motion. ECF No. 26-2 at 2 (March

6, 7, 16, 20, 2023 entries). Kara Hendricks appears to be the supervising attorney on the matter who spent a total of 1.1 hours in this activity. *Id*. (March 6, 15, 17, 20, 2023 entries). Ms. Lauri Thompson reviewed a declaration drafted for her signature spending .5 hours on this task. *Id*. (March 20, 2023 entry). All of this time was reasonably incurred. The remaining time (with the exception of .2 hours billed by Plaintiff's paralegal for review of Defendant's motion, a duplication of other's work) was spent by a junior associate, Jerrell Berrios. The Court's review of the time records shows some this time was duplicative of time spent by Ms. Rabe on the opposition to Defendant's motion to set aside default. Thus, although some of Mr. Berrios' time may have reduced the amount of time Ms. Rabe spent working on opposing Defendant's motion, the Court concludes reducing the total time billed by Mr. Berrios from 5.2 to 2.6 hours reasonably reflects non-duplicative work. The Court awards Plaintiff fees for a total of 10.3 hours spent in preparation of the opposition to Defendant's motion to set aside default.

Calculating this time at the unopposed rates stated in Plaintiff's Motion (ECF No. 26 at 5), the award is as follows:

<u>TIME SPENT ON DEFAULT</u>

- Cynthia Ney:     .8 Hours x 250.80 = $200.64
- Bethany Rabe:    1.2 Hours x 497.25 = $596.70
- Kara Hendricks:  .8 Hours x 518.50 = $414.80

<u>TIME SPENT IN RESPONSE TO MOTION TO SET ASIDE DEFAULT</u>

- Bethany Rabe:    6.1 Hours x 497.25 = $3,033.23
- Kara Hendricks:  1.1 Hours x 518.50 = $570.35
- Lauri Thompson:  .5 Hours x 655.80 = $327.90
- Jerrell Berrios: 2.6 Hours x 297.50 = $773.50

The total fee award is $5,917.12.

**III.    Order**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiffs' Motion for Attorneys' Fees (ECF No. 26) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Defendant Kilo Club, LLC must pay Plaintiff the total sum of $5,917.12 in fees awarded within thirty (30) days of the date of this Order.

Dated this 2nd day of October, 2023.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE