UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HAKKASAN LIMITED, a United Kingdom limited liability company,<br><br>    Plaintiff,<br><br>v.<br><br>KILO CLUB, LLC, a Nevada limited liability company,<br><br>    Defendant. | Case No. 2:22-cv-01695-APG-EJY<br><br>**ORDER** |

Pending before the Court is Defendant's Motion to Withdraw or Amend Admissions. ECF No. 56. The Court considered the Motion, Plaintiff's Response (ECF No. 60), and Defendant's Reply (ECF No. 67). The Court grants Defendant's Motion based on the facts and law below.

**I.  Background**

As Defendant explains, and Plaintiff does not dispute, on July 30, 2023 and January 30, 2024 Plaintiff served written discovery on Defendant to which Defendant responded on March 19, 2024. Current local counsel for Defendant was retained on December 21, 2023. Out of state defense counsel was admitted *pro hac vice* on January 11, 2024. Former counsel for Defendant filed a Motion to Withdraw on December 27, 2023 that was granted on December 28, 2023. On December 29, 2023, Defendant's new counsel received an electronic link to former defense counsel's case file that did not include the requests for admissions or other written discovery requests propounded by Plaintiff on Defendant. On January 30, 2024, the parties engaged in discussions leading Plaintiff's counsel to email pending written discovery to defense counsel.

On February 27, 2024, Plaintiff filed a Motion for Summary Judgment ("MSJ"). ECF No. 53. The Court took a peek at the MSJ in which Plaintiff states it has obtained several federally registered trademark that are facially valid. This assertion is not disputed. Further, because Defendant failed to timely respond to requests for admissions, Plaintiff treats certain facts and key elements of Plaintiff's claims as admitted.

1

Based on the RFAs to which no timely response was provided, Plaintiff says Defendant admits: (1) Defendant has described its business (a fitness club) as a place where "the swagger of a nightclub meets the motivation of a well-equipped fitness center"; (2) the fitness club "offers food or beverage services to its members"; (3) Defendant knew of Plaintiff's federally registered trademark (the "Mark") when Defendant adopted a new logo in 2022 that is alleged to infringe on the Mark; (4) Defendant's logo is confusingly similar to Plaintiff's Mark; and (5) Defendant is not authorized to use Plaintiff's Mark in any manner. *Id*. at 3-5.

Defendant argues the Court should order withdrawal or amendment of the admissions under the plain language of Federal Rule of Civil Procedure 36(b) because withdrawal or amendment will promote a merit based resolution of this dispute and not prejudice Plaintiff.[1]  ECF No. 56 at 8-9. Defendant argues that while the responses to the RFAs were untimely and therefore can be deemed admitted, refusing to amend the admissions will eliminate presentation of the merits by denying Defendant the opportunity to present a defense. *Id*. at 11-13. Defendant further says Plaintiff has not met its burden of demonstrating prejudice. *Id*. at 13-14. In its Reply brief, Defendant points to Plaintiff's argument that it was foreclosed from hiring a damages expert. ECF No. 67 at 6. However, Defendant says none of the RFAs deemed admitted "serve as proof of any damages …." *Id*.

Plaintiff argues Defendant's conduct (prior to retention of current counsel) demonstrates an intentional failure to respond to the RFAs. ECF No. 60 at 3. Plaintiff further argues Defendant's choice not to respond to the RFAs should foreclose Defendant's opportunity to present its defense on the merits. *Id*. at 5. Plaintiff confirms Defendant's admission "that consumers are likely to be confused as to the source, affiliation, or sponsorship of goods and services offered [by Plaintiff] under the [c]ontested Mark … is dispositive of a key element of the trademark infringement and related claims." *Id*.

Plaintiff argues prejudice based on delay and reliance in and of themselves. *Id*. at 7. Plaintiff points to the six months that lapsed after the admissions were deemed admitted during which time

---

[1] Fed. R. Civ. P. 36(b) states in relevant part: "A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended.  Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits."

2

Plaintiff did not pursue discovery but "filed a motion for summary judgment based on the deemed admissions." *Id*. If all else fails, Plaintiff asks the Court to reopen discovery if the admissions are withdrawn. *Id*. at 9.

## II.     Discussion

Under Federal Rule of Civil Procedure 36, if a party fails to admit or deny a request for admission "within 30 days after being served" the requested admission may be treated as "conclusively established unless the Court … permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(a)(3), (b). The Court has "discretion to grant relief from an admission made under Rule 36(a) only when (1) the presentation of the merits of the action will be subserved, and (2) the party who obtained the admission fails to satisfy the Court that withdrawal or admission will prejudice that party in maintaining the action or defense on the merits." *Conlon v. U.S.*, 474 F.3d 616, 621 (9th Cir. 2007) (internal citations and quote marks omitted). Rule 36 serves "two important goals: truth-seeking in litigation and efficiency in dispensing justice." *Id*. at 622 (citation omitted).

Merits of an action are subserved "when upholding the admission would practically eliminate any presentation of the merits of the case." *Id*. (citation omitted). Prejudice is demonstrated by "the difficulty a party may face in proving its case" such as when key witnesses are unavailable or there is a sudden need to "obtain evidence with respect to questions previously deemed admitted." *Id*. (citations omitted). Prejudice is not demonstrated simply because "the party who obtained the admission will now have to convince the factfinder of its truth." *Id*. (citation omitted). District courts are advised to "focus on the prejudice … the nonmoving party would suffer at trial." *Id*. at 623-24 (collecting cases). The Ninth Circuit made clear that "reliance on a deemed admission in preparing a summary judgment motion does not constitute prejudice." *Id*. at 624 (citation omitted).

Here, there is no doubt that Defendant did not timely respond to Plaintiff's RFAs and the RFAs are presently deemed admitted. There is also no doubt that Defendant relied on the admissions when preparing and seeking summary judgment, which does not demonstrate prejudice. Defendant does not point to witnesses or any other discovery that is no longer available. Plaintiff does not demonstrate how allowing withdrawal or amendment will result in prejudice at trial—especially given that Plaintiff recognizes discovery may be reopened to cure any failure to conduct discovery

based on Defendant's failure to timely respond to RFAs. Nevertheless, even though Defendant's responses to the RFAs were not provided until mid-March 2024, long after they were due, there is no dispute that discovery did not close until April 1, 2024, no trial date is set, and the dispositive motion deadline is not until May 10, 2024. ECF No. 36, docket generally.

Given that upholding the admission would practically eliminate presentation of the merits of the case because Defendant would be deemed to have admitted that its logo is confusingly similar to Plaintiff's Mark (together with a number of other facts regarding the nature of Defendant's business and its intent to expand to markets in which Defendant operates), the Court finds Defendant has met its burden of demonstrating the merits of this action will be subserved if the admissions are not withdrawn or amended. That is, the elements of the pending trademark infringement claim requires Plaintiff to prove "(1) it is the owner of a valid protectable mark, and (2) Defendant[] … [is] using a confusingly similar mark that is likely to cause deception concerning the origin of the goods." ECF No. 53 at 7 *citing* 15 U.S.C. §1114(a), 15 U.S.C. §1125(a); *Nike, Inc. v. Fujian Jialaimeng Shoes Co.*, Case No. 2:17-cv-00516-GMN-GWF, 2019 WL 2103275, at *3 (D. Nev. Mar. 6, 2019) (citation omitted). As Plaintiff makes clear, there is no dispute that it owns a valid protectable mark and "by virtue of its deemed admissions, Defendant has admitted to the likelihood of confusion." *Id*. at 9.

The Court further finds Plaintiff has not demonstrated prejudice sufficient to deny Defendant's Motion. To the extent Plaintiff did not conduct discovery because of Defendant's failure to respond to RFAs, the Court helps ensure no disadvantage by reopening discovery as stated below.

### III. Order

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Withdraw or Amend Admissions (ECF No. 56) is GRANTED.

IT IS FURTHER ORDERED that answers to the Requests for Admissions are amended by Defendant's March 19, 2024 responses.

1     IT IS FURTHER ORDERED that discovery is reopened for a period of ninety (90) days measured from the date on which the parties meet and confer to prepare an amended discovery plan and scheduling order.

    IT IS FURTHER ORDERED that the proposed amended discovery plan and scheduling order **must** be submitted to the Court no later than **May 20, 2024**. The proposed discovery plan and scheduling order must include, but is not necessarily limited to, a due date for expert disclosures, expert depositions, supplementation to the pending Motion for Summary Judgment, the response and reply thereto, and an exchange of documents relating to damages.

    IT IS FURTHER ORDERED that to the extent documents or information shared should be maintained as confidential the parties **must** submit a proposed order no later than **May 20, 2024**.

    IT IS FURTHER ORDERED that Plaintiff's request for monetary sanctions is denied.

Dated this 7th day of May, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE